UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| ANGEL DAVID RIOS-ROSA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:23-CV-14-JAR |
| ) | |
| NINA HILL, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court for review of plaintiff Angel David Rios-Rosa's civil complaint and motion for leave to proceed in forma pauperis. The Court will grant Plaintiff leave to proceed in forma pauperis and assess an initial partial filing fee of $1.00. The Court will also give Plaintiff the opportunity to file an amended complaint.

### 28 U.S.C. § 1915(b)(1)

Plaintiff is an inmate at the Southeast Correctional Center ("SECC"). Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is fully paid. *Id.*

Plaintiff has not provided the Court with a certified copy of his inmate account statement. Based upon Plaintiff's averments in the instant motion, the Court has decided to assess an initial partial filing fee of $1.00, an amount that is reasonable based upon the information before the Court. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997).

## Legal Standard

This Court is required to review a complaint filed *in forma pauperis*, and must dismiss it if, among other reasons, it fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S at 556).

Although a plaintiff need not allege facts in painstaking detail, the facts alleged "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court liberally construes complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "Liberal construction" means that "if the essence of an allegation is discernible," the court "construe[s] the complaint in a way that permits the layperson's claim to be considered

within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). The Court need not assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, or interpret procedural rules to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff filed the complaint pursuant to 42 U.S.C. § 1983 against "Nina Hills Dr.," an unknown defendant identified as the SECC Regional Medical Director, and an unknown defendant identified as "General surgeon at SECC." (ECF No. 1 at 1-3). Plaintiff's statement of claim is a long and confusing from which the Court can discern no plausible claim. For example, Plaintiff alleges he had an appointment with "Regional Medical Director who had has choosed to refered my self personality to had has sergury on my buttocks doing also he do not clean my open surface doing also he do not submmiting once again my showers on daily basis . . . also he do not refered any medications . . . doing also I am on a severe pain almost every day because he even do not subscribe my self personality with any pain relief . . .Nina Hills do not clean my open wound doing also she had has saying (surgeorians) had has saying I do had has (refuted surgeourians) doing my sergury . . .".[1] *Id.* at 4. The complaint continues in that manner.

After filing the complaint, Plaintiff filed correspondence seeking copies of forms, which were provided to him. Plaintiff then filed correspondence in which he appears to refer to this Court as "Corruptors," and appears to complain about an order entered in a different civil matter

---

[1] The text is quoted without correction of spelling or grammatical errors.

3

directing his custodian to begin deducting payments from his account to pay an appellate filing fee. (ECF No. 8 at 1).

## Discussion

It appears Plaintiff filed the complaint to assert claims premised upon his Eighth Amendment right to adequate medical care. However, the complaint contains no facts permitting the inference that any defendant was deliberately indifferent to Plaintiff's serious medical need, or that any defendant engaged in any other form of wrongdoing. The complaint therefore fails to state a claim upon which relief may be granted, and is subject to dismissal. Additionally, while Plaintiff voices complaints in parts of his correspondence about matters in another case, his assertions provide no basis for this Court to grant relief. In an abundance of caution, the Court will give Plaintiff the chance to file an amended complaint to clearly set forth his claims.

The amended complaint will replace the original. *See In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005). Plaintiff must type or neatly print the amended complaint on the Court's prisoner civil rights complaint form, which will be provided to him. *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms where applicable.").

In the "Caption" section of the complaint form, Plaintiff should write the name of the defendant he intends to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). Plaintiff must avoid naming anyone as a defendant unless that person is directly related to his claim. Plaintiff must also specify the capacity in which he intends to sue the defendant.

4

In the "Statement of Claim" section, Plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, Plaintiff should set forth a short and plain statement of the facts that support his claim or claims against that defendant. *See* Fed. R. Civ. P. 8(a). Each averment must be simple, concise, and direct. *See id.* Plaintiff must state his claims in numbered paragraphs, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b). If Plaintiff names a single defendant, he may set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a). If Plaintiff names more than one defendant, he should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2).

It is important that Plaintiff allege facts explaining how the defendant was personally involved in or directly responsible for harming him. *See Madewell v. Roberts,* 909 F.2d 1203, 1208 (8th Cir. 1990). Plaintiff must explain the role of the defendant, so that the defendant will have notice of what he or she is accused of doing or failing to do. *See Topchian v. JPMorgan Chase Bank, N.A.,* 760 F.3d 843, 848 (8th Cir. 2014). Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.,* 849 F.3d 400, 404 (8th Cir. 2017). Finally, Plaintiff must avoid submitting correspondence in an attempt to communicate with this Court concerning this matter, *see* E.D.Mo. L.R. 4.04(A), and he must avoid using disrespectful or abusive language.

Plaintiff has also filed a motion to appoint counsel. A *pro se* litigant has "neither a constitutional nor a statutory right to appointed counsel in civil cases." *Patterson v. Kelley,* 902 F.3d 845, 850 (8th Cir. 2018) (citing *Phillips v. Jasper Cty. Jail,* 437 F.3d 791, 794 (8th Cir.

2006)). A district court may appoint counsel in a civil case if it is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Id.* (citing *Johnson v. Williams,* 788 F.2d 1319, 1322 (8th Cir. 1986)). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the factual complexity of the issues, the litigant's ability to investigate the facts and present his or her claims, the existence of conflicting testimony, and the complexity of the legal arguments. *Id.* (citing *Phillips*, 437 F.3d at 794).

In this case, Plaintiff has yet to state a non-frivolous claim. Additionally, nothing in the instant motion or in the record before the Court indicates that this case involves complex factual or legal issues. However, recognizing that circumstances may change, the Court will deny the motion for appointment of counsel without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion seeking leave to commence this action without prepaying fees or costs (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that, within twenty-one (21) days of the date of this order, Plaintiff must pay an initial filing fee of $1.00. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall mail to Plaintiff a copy of the Court's prisoner civil rights complaint form.

**IT IS FURTHER ORDERED** that, within twenty-one (21) days of the date of this order, Plaintiff must file an amended complaint in accordance with the instructions herein.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Appoint Counsel (ECF No. 3) is **DENIED** without prejudice.

**Plaintiff's failure to timely comply with this order may result in the dismissal of this case, without prejudice and without further notice.**

Dated this 2nd day of May, 2023.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE