## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| ANGEL DAVID RIOS-ROSA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:23-CV-14-JAR |
| | ) | |
| NINA HILLS, et al. | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon review of plaintiff's response to this Court's May 2, 2023 Order directing him to file an amended complaint. For the following reasons, the Court dismisses this action, without prejudice, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

### Background

Plaintiff is an inmate at the Southeast Correctional Center. He instituted this action by filing a civil complaint and a motion for leave to proceed in forma pauperis, along with a motion to appoint counsel. Subsequently, he filed separate letters to the Court. The Court granted Plaintiff's motion for leave to proceed in forma pauperis, and assessed an initial partial filing fee. The Court then conducted the required review of the complaint.

As fully explained in this Court's May 2, 2023 Order, the Court determined the complaint failed to state a claim upon which relief may be granted, and this action was therefore subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court did not dismiss the action at that time, and instead gave Plaintiff the opportunity to file an amended complaint. In so doing, the Court clearly explained why the complaint was subject to dismissal, gave plaintiff clear

instructions about how to prepare the amended complaint, and cautioned him that his failure to timely comply could result in the dismissal of his case without prejudice and without further notice. The Court also cautioned Plaintiff against communicating with the Court via letter. To assist Plaintiff, the Court provided him with a blank copy of a form Prisoner Civil Rights Complaint Under 42 U.S.C. § 1983.

Plaintiff's response was due on May 23, 2023. On May 19, 2023, he submitted a one-page handwritten letter purporting to quarrel with the Court's Order, and indicating he would not comply with it. For example, he suggested the Court was abusing its authority, complained about the blank complaint form, and stated he was "not going to resubmitting any other motions . . .". (ECF No. 10 at 1). To date, Plaintiff has filed nothing else.

## Discussion

Rule 41(b) of the Federal Rules of Civil Procedure provides that a district court may dismiss a case for failure to prosecute a case or comply with a court order. A district court may so dismiss on its own initiative. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962), *Brown v. Frey*, 806 F.2d 801, 803 (8th Cir. 1986).

In this case, the Court finds that Plaintiff has failed to comply with the May 2, 2023 Order, despite being cautioned that dismissal could result from such failure. The Court also finds that Plaintiff's failure to comply is intentional, and there is no basis to conclude that he would comply with any future order to amend or prosecute his case in a serious manner. The Court therefore dismisses this case pursuant to Fed. R. Civ. P. 41(b). *See Brown,* 806 F.2d at 803-04 (holding that a district court has the power to dismiss an action for the plaintiff's failure to comply with any court order).

Accordingly,

**IT IS HEREBY ORDERED** that this case is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** than an appeal from this dismissal would not be taken in good faith.

Dated this 6th day of June, 2023.

                                                  JOHN A. ROSS
                                                  UNITED STATES DISTRICT JUDGE